IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 14-20030-03-KHV |
| ALLEN J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 1, 2015, the Court sentenced defendant to 155 months in prison and six years of supervised release. This matter is before the Court on defendant's pro se letter (Doc. #115) filed October 5, 2020 and pro se Motion For Compassionate Release And Supporting Memorandum (Doc. #118) filed October 21, 2020, both which seek compassionate release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. The government opposes defendant's motions. See Government's Response To Defendant's Motions For Compassionate Release (Doc. #123) filed November 30, 2020. The Office of the Federal Public Defender has entered an appearance and filed a reply. See Reply To Government's Response To Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #124) filed December 7, 2020. For reasons stated below, the Court dismisses defendant's motion.

**Factual Background**

On March 19, 2014, a grand jury returned an indictment which charged defendant with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count 1), aiding and abetting, knowingly and intentionally brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2) and being a felon in possession of a

firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3).   Indictment (Doc. #20).

On October 22, 2014, defendant pled guilty to Counts 1 and 2.   Under the plea agreement, the

government agreed to recommend a sentence at the low end of the applicable guideline range, a

two-level reduction for acceptance of responsibility and a one-level reduction for entering an early

plea.   Plea Agreement (Doc. #61), ¶ 4.

On Count 1, defendant had a base offense level of 20 under the United States Sentencing

Guidelines ("U.S.S.G.") § 2B3.1(a).   See Presentence Investigation Report ("PSR") (Doc. #83)

filed January 15, 2015, ¶ 39.   The Court applied a two-level enhancement because defendant took

the property of a financial institution and a two-level enhancement because defendant was an

organizer, leader, manager or supervisor of the criminal activity.   Id., ¶¶ 40, 44.   The Court

granted defendant a three-level reduction for acceptance of responsibility.   Id., ¶¶ 48–49.   Based

on a total offense level of 21 and a criminal history category IV, defendant's guideline range on

Count 1 was 57 to 71 months in prison.   Id., ¶ 100; Statement Of Reasons (Doc. #97) filed

December 3, 2015 at 1.   The guideline sentence on Count 2 was 84 months, the statutory

minimum under 18 U.S.C. § 924(c)(1)(A).   PSR (Doc. #83) ¶ 100.   On December 1, 2015, the

Court sentenced defendant to 155 months in prison—the high end of the guideline range on

Count 1 and the statutory minimum on Count 2.   Defendant did not appeal.

Defendant currently is confined at USP Leavenworth, a BOP facility in Leavenworth,

Kansas.      USP   Leavenworth   houses   1,309 inmates.      See   USP   Leavenworth,

https://www.bop.gov/locations/institutions/lvn (last visited Dec. 7, 2020).   As of December 21,

2020, 566 inmates and ten staff members at USP Leavenworth had tested positive for COVID-19.

See COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Dec. 21, 2020).   See id.

Some 550 of the 566 inmates and five of the ten staff members have recovered.  See id.  No inmates or staff members have died from COVID-19.   See id.

Defendant is 30 years old.   He states that because of asthma and conditions at USP Leavenworth, he is at high risk of contracting COVID-19 and of severe illness or death if he contracts it.   With good time credit, defendant's projected release date is March 25, 2025. Defendant asks the Court to grant compassionate release.   He proposes an added condition of home confinement for 24 months as a condition of his original six-year term of supervised release. See Reply To Government's Response To Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #124) at 1.

### **Analysis**

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c).

Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).   On August 31, 2020, defendant submitted a request for compassionate release and the warden did not respond within 30 days.   Accordingly, defendant has satisfied the exhaustion prerequisite to filing a motion for compassionate release.

Under the compassionate release statute, after considering the applicable factors set forth in Section 3553(a), the Court may grant relief if defendant establishes that (1) "extraordinary and compelling reasons" warrant a reduced sentence and (2) a reduced sentence is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A). Congress specifically authorized the Sentencing Commission to issue policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied."   United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) as determined by the Director of the BOP, an "extraordinary and compelling reason other than, or in combination with," the first three categories.   U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).[1]   In addition, the policy statement requires that before granting

---

[1]   Application Note 1 provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)   Medical Condition of the Defendant.—
        (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).   A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.   Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(continued . . .)

relief, the Court must find that defendant "is not a danger to the safety of any other person or to

the community."   U.S.S.G. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).   In December of 2018, the

First Step Act amended Section 3582(c)(1)(A) to permit defendants (rather than only the BOP) to

file motions for compassionate release.   The Sentencing Commission's policy statement, which

was effective November 1, 2018, nonetheless remains the relevant policy statement in determining

whether "extraordinary and compelling reasons" warrant defendant's release.   See Saldana, 807

---

[1](. . . continued)

> (ii)   The defendant is—
>    (I)   suffering from a serious physical or medical condition,
>    (II)   suffering from a serious functional or cognitive impairment,
>     or
>    (III)   experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)   Family Circumstances.—
> (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)   Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1 (Nov. 2018).

F. App'x at 819 (applying policy statement effective November 1, 2018 to defense motion under

Section 3582(c)(1)(A)); see also United States v. Pinson, No. 20-6050, 2020 WL 7053771, at *3

(10th Cir. Dec. 2, 2020) (while defendant argued below that policy statement no longer binds

federal courts, Tenth Circuit continues to refer to it in deciding challenges related to § 3582(c)(1)).

Unless the grounds for resentencing fall within one of the specific categories that Congress has

authorized under Section 3582(c), the Court lacks jurisdiction to consider defendant's request.

See Saldana, 807 F. App'x at 819; United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009).

        Here, defendant seeks compassionate release because of asthma and the risk that he will

contract COVID-19 at USP Leavenworth.   The government concedes that a medical condition

that elevates an inmate's risk of becoming seriously ill if he contracts COVID-19 may constitute

an extraordinary and compelling reason for release.   See Government's Response To Defendant's

Motion For Compassionate Release (Doc. #123) at 14–15. The government argues that during the

COVID-19 pandemic, medical conditions such as asthma satisfy the criteria under subsection (A)

of the Section 1B1.13 commentary, i.e. a chronic condition that "substantially diminishes the

ability of the defendant to provide self-care within the environment of a correctional facility and

from which he or she is not expected to recover."   Id. at 15 (quoting U.S.S.G. § 1B1.13, cmt.

n.1(A)).   Here, subsection (A) does not apply because unless and until defendant contracts

COVID-19, his medical conditions do not limit his ability to provide self-care within the prison

environment.   Subsections (B) and (C) also do not apply.   See U.S.S.G. § 1B1.13, cmt. n.1(B)

(defendant must be at least 65 years old to qualify for relief based on age); id., cmt. n.1(C) (relief

based on death or incapacitation of caregiver of minor child or incapacitation of spouse where

defendant would be only available caregiver).   Accordingly, for defendant to establish

extraordinary and compelling reasons for release based on his medical conditions and the risk of contracting COVID-19, he must rely on the catchall provision of subsection (D).

Under subsection (D) of the Section 1B1.13 commentary, as determined by the Director of the BOP, release may be appropriate based on other "extraordinary and compelling reason[s]," by themselves or in combination with the reasons described in subdivisions (A) through (C). U.S.S.G. § 1B1.13, cmt. n.1(D).   To determine whether defendant presents other extraordinary and compelling reasons for release, the BOP has identified several "nonexclusive factors" to consider: defendant's criminal and personal history, the nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans and whether release would "minimize the severity of the offense." Saldana, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).   Where the BOP Program statement is a "permissible construction of the statute," it is entitled to "some deference."   Id. (quoting Reno v. Koray, 515 U.S. 50, 61 (1995)).

As explained above, the First Step Act permits defendants (rather than only the BOP) to file motions for compassionate release.   The Sentencing Commission, however, which has lacked a quorum since the First Step Act was enacted in December of 2018, has not amended the Section 1B1.13 commentary which includes the catchall provision for other extraordinary and compelling reasons "[a]s determined by the Director of the BOP."   U.S.S.G. § 1B1.13, cmt. n.1(D).   In an unpublished decision, the Tenth Circuit implicitly recognized that in addition to the BOP, courts now can make such a determination.   See Saldana, 807 F. App'x at 819–20.[2]   The

---

[2]        In Saldana, defendant argued that in determining whether he had established other compelling reasons under the catchall provision of subsection (D), the district court should have

(continued . . .)

Court likewise concludes that on a defense motion, it may—independently of the BOP—determine whether defendant has established "other" extraordinary and compelling reasons that warrant a reduced sentence beyond those stated in subsections (A) to (C) of the Section 1B1.13 commentary. U.S.S.G. § 1B1.13, cmt. n.1(D); see United States v. Israel, No. 95-00314-CR, 2020 WL 4362258, at *4 (S.D. Fla. July 29, 2020) (overwhelming majority of courts conclude that after First Step Act, courts may independently determine whether "other" extraordinary and compelling reasons warrant release); see also 28 U.S.C. § 994(t) (Sentencing Commission shall describe what should be considered extraordinary and compelling reasons including criteria to apply and list of specific "examples"); cf. United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020) (no "applicable" policy statement for inmate motions for compassionate release so district judges must consider only statutory criteria of "extraordinary and compelling reasons"); United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020) (because Section 1B1.13 not "applicable" to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district court discretion to consider whether reasons are extraordinary and compelling).

In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)). "Compelling" means "tending to convince . . . by forcefulness of evidence." Id.

---

[2](. . . continued)

considered (1) his post-conviction rehabilitation efforts and (2) post-sentencing case law that would have lowered his sentencing range. See id. In affirming the district court's decision to deny defendant's request for a reduced sentence under the catchall provision of subsection (D), the Tenth Circuit implicitly assumed that the district court, rather than the BOP exclusively (as the commentary suggests), can determine whether a defendant has established "other" extraordinary and compelling reasons under the catchall provision. See id.

(quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).   As noted above, BOP Program Statement 5050.50 identifies several "nonexclusive" factors for the Court to consider in determining whether "other" extraordinary and compelling reasons warrant a reduced sentence.   See Saldana, 807 F. App'x at 819.

Here, defendant seeks release because of asthma and the risk that he will contract COVID-19 at USP Leavenworth.   Defendant has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 at USP Leavenworth.   See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).   Defendant's medical conditions and the conditions at USP Leavenworth, individually and collectively, do not constitute extraordinary and compelling reasons for his release. Likewise, defendant has not established that the nonexclusive factors in BOP Program Statement 5050.50 compel his release.   COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters.   Even so, the risk that COVID-19 may spread at USP Leavenworth cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."   United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Even if defendant's medical conditions and the conditions at USP Leavenworth were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553.   A sentence of time served, or approximately 95 months with good time credit, is inconsistent with the seriousness of defendant's

offense, the need for deterrence and the need to protect the public.   In particular, defendant committed the crimes of armed bank robbery and using a firearm as part of a crime of violence. He also was a manager or supervisor in the criminal activity that involved two other participants. See PSR (Doc. #83), ¶ 44.   Defendant recruited his brother Alvin and Randy Cornelius to participate in the crime.   Defendant scoped out the bank before the robbery, drew a diagram of the bank layout, purchased bandanas to cover his face and the faces of his co-defendants, provided the handgun used in the robbery and supplied the vehicle used in the robbery.   See id.   During the robbery, defendant and his co-defendants were armed with at least one handgun and defendant or his co-defendants pointed a gun at two bank employees.   See Plea Agreement (Doc. #61) at 3– 4.

In addition to the offense conduct, defendant has a significant criminal history including convictions for felony theft of a vehicle, assault for threatening to kill an ex-girlfriend and her boyfriend, destruction of property (throwing a piece of cinderblock through his ex-girlfriend's bedroom window) and armed robbery of a Subway restaurant.     See PSR (Doc. #83), ¶¶ 66, 68– 69.   The State of Missouri also charged defendant with criminal damage to property for kicking down the door to his ex-girlfriend's residence and assault with a deadly weapon (pointing a gun at his ex-girlfriend and her boyfriend).   See id., ¶¶ 73–74.   In light of defendant's offense conduct and criminal history, defendant has failed to show that he is not a danger to the community.   A reduction of defendant's sentence to approximately 95 months would reflect a significant disparity from his current sentence of 155 months, the high end of his guideline range.

The Court recognizes that defendant has served approximately 60 percent of his sentence, has participated in a number of BOP programs including drug education and the non-residential

drug treatment program and has no recent incident reports.   He apparently has made significant progress toward rehabilitation.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant's medical conditions and the COVID-19 pandemic are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A). The Court therefore dismisses defendant's motion for release for lack of jurisdiction.   See Saldana, 807 F. App'x at 818, 820–21 (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction).

**IT IS THEREFORE ORDERED** that defendant's pro se letter (Doc. #115) filed October 5, 2020 and pro se Motion For Compassionate Release And Supporting Memorandum (Doc. #118) filed October 21, 2020, both which seek compassionate release based on the Coronavirus Disease-2019 ("COVID-19") pandemic are **DISMISSED**.

Dated this 21st day of December, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge