IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 14-20030-03-KHV |
| ALLEN J. WILLIAMS, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 1, 2015, the Court sentenced defendant to 155 months in prison. The Court also ordered defendant to pay $5,025.00 in restitution. Currently, defendant has a remaining balance of $1,368.95 on his restitution obligation. This matter is before the Court on the <u>Motion Of The United States For An Order Authorizing Payment From Inmate Trust Account</u> (Doc. #137) filed May 10, 2021. For reasons stated below, the Court sustains in part the government's motion.

The government asks the Court to authorize full payment of defendant's restitution obligation from funds in his inmate trust account. On April 30, 2021, pending the outcome of the government's motion, it temporarily encumbered $1,368.95 from defendant's inmate trust account. As a result, as of May 14, 2021, defendant's available balance in his inmate trust account was $3.69.

The Court has substantial discretion in determining how restitution is to be paid. <u>United States v. Wilson</u>, 416 F.3d 1164, 1170 (10th Cir. 2005). In the event of a "material change" in defendant's economic circumstances that might affect his ability to pay restitution, the Court may "adjust the payment schedule" for restitution "or require immediate payment in full." 18 U.S.C. § 3664(k). In addition, when defendant receives "substantial resources from any source," the

Court shall require him to apply the value of such resources to any restitution that is still owed. 18 U.S.C. § 3664(n).

Defendant asks the Court to order that the government take only $1,068.95 from his inmate trust account and that he satisfy the remaining $300.00 of his restitution obligation through monthly payments. Defendant states that he has various monthly expenses such as hygiene products and haircuts. Even so, he has not stated how much money he receives each month or explained why he needs more than $100.00 in his trust account. Based on defendant's objection and consistent with the government's practice to leave inmates at least $100.00 in their inmate trust accounts, the Court orders that defendant pay the remaining amount of his restitution as follows:

1. $1,268.95 shall be satisfied from the funds that the government temporarily encumbered from defendant's inmate trust account.

2. The remaining $100.00 shall be satisfied, beginning October 1, 2021, through monthly payments of $20.00 from defendant's inmate trust account.

**IT IS THEREFORE ORDERED** that the <u>Motion Of The United States For An Order Authorizing Payment From Inmate Trust Account</u> (Doc. #137) filed May 10, 2021 is **SUSTAINED in part**. **The government shall apply $1,268.95 of the funds temporarily encumbered from defendant's inmate trust account to defendant's restitution obligation. Defendant shall pay the remaining $100.00 of his restitution obligation, beginning October 1, 2021, through monthly payments of $20.00 from his inmate trust account.**

Dated this 23rd day of August, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge