IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 14-20030-03-KHV |
| ALLEN J. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On December 1, 2015, the Court sentenced defendant to 155 months in prison and six years of supervised release. This matter is before the Court on defendant's Motion To Correct Clerical Error Pursuant To Federal Rules Of Criminal Procedure Title VII, Rule 36 (Doc. #142) filed August 9, 2021. For reasons stated below, the Court overrules defendant's motion.

**Factual Background**

On October 22, 2014, defendant pled guilty to armed bank robbery (Count 1) and using a firearm during and in relation to a crime of violence (Count 2).

On November 9, 2015, for an unrelated robbery conviction, the Honorable Dean Whipple of the United States District Court for the Western District of Missouri sentenced defendant to 60 months in prison and three years of supervised release.

On December 1, 2015, this Court sentenced defendant to 155 months in prison (consecutive terms of 71 months and 84 months on Counts 1 and 2) and six years of supervised release (consecutive terms of five years and one year on Counts 1 and 2), all to run concurrently with his prior sentence from the Western District of Missouri. See Judgment In A Criminal Case (Doc. #96) filed December 3, 2015 at 2–3.

**Analysis**

Defendant argues that the terms of supervised release in the judgment differ from the Court's oral pronouncement of sentence. In particular, defendant asserts that at sentencing, the Court imposed concurrent three-year terms of supervised release on Counts 1 and 2.

Under Rule 36, at any time, the Court may correct a "clerical error" in the record or an "error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The "sentence" in a criminal case is the punishment that the Court orally imposes in defendant's presence. United States v. Villano, 816 F.2d 1448, 1453 (10th Cir. 1987) (en banc). If the sentence is ambiguous, the Court can consult extrinsic evidence such as the judgment and commitment order, the Court's intentions or defendant's understanding of the sentence. Id. Absent ambiguity in the sentence, the sentence that the Court orally pronounces shall not be altered. Id.

At sentencing, the Court initially proposed to impose "three years on supervised release on each of Counts 1 and 2," which "would run concurrently with each other but consecutive to the term of supervised release in the Western District of Missouri." Transcript Of Sentencing Hearing (Doc. #141) filed August 2, 2021 at 13. Later, when it pronounced sentence, the Court stated as follows:

> [THE COURT:] When you're released from prison, you'll be placed on supervised release. Earlier I said three years, but I think the way we'll do it is to say six years. The first five years of that will run concurrently with the supervised release that the Western District of Missouri has imposed and the – and there will be one additional year that will be served concurrently to that process. So the overall term of supervised release -- wait.
>
> [DEFENSE COUNSEL]: Consecutively you meant on that last year.
>
> THE COURT: Yes or we could say three years on each count, but neither one of them starts to run until he's off of supervision in the Western District of Missouri. But the intent is that he would be on supervised release for six years between [this

Court] and [the Western District of Missouri].

<u>Id.</u> at 17.

As to the terms of supervised release, the Court's oral pronouncement of sentence was ambiguous. After counsel asked whether Count 2 should be consecutive, the Court suggested that the result would be the same whether it imposed five-year and one-year terms on Counts 1 and 2 or if it imposed three-year terms on both counts. Even so, extrinsic evidence suggests that the judgment correctly reflects defendant's sentence. See <u>Villano</u>, 816 F.2d at 1453. When imposing sentence, the Court stated that when combined with defendant's prior sentence in the Western District of Missouri, it intended to impose terms of supervised release on Counts 1 and 2 that would result in a total of six years on supervised release. Two days after sentencing, the Court approved the judgment as an accurate statement of defendant's sentence. The judgment states that the Court imposed five years of supervised release on Count 1 and one year of supervised release on Count 2 consecutive to Count 1, all to run concurrent to defendant's prior sentence from the Western District of Missouri. See <u>Judgment In A Criminal Case</u> (Doc. #96) at 3. Defendant refers to the Court's initial comments about the proposed sentence, but they do not show any error in the written judgment.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Correct Clerical Error Pursuant To Federal Rules Of Criminal Procedure Title VII, Rule 36</u> (Doc. #142) filed August 9, 2021 is **OVERRULED**.

Dated this 23rd day of August, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
