## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,    ) | **CRIMINAL ACTION** |
| ) | |
| v.    ) | **No. 14-20030-03-KHV** |
| ) | |
| ALLEN J. WILLIAMS,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

## MEMORANDUM AND ORDER

On December 1, 2015, the Court sentenced defendant to 155 months in prison and six years of supervised release. On December 21, 2020, the Court dismissed defendant's pro se motion for release under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). See Memorandum And Order (Doc. #126). On March 25, 2021, the Tenth Circuit affirmed. See Order And Judgment (Doc. #135). This matter is before the Court on defendant's second pro se Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #150) filed August 7, 2023. For reasons stated below, the Court overrules defendant's motion.[1]

## Factual Background

On March 19, 2014, a grand jury returned an indictment which charged defendant with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d) and 2 (Count 1), aiding and abetting, knowingly and intentionally brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count 2) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). Indictment (Doc. #20).

---

[1]     On August 24, 2023, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant.

On October 22, 2014, defendant pled guilty to Counts 1 and 2. Under the plea agreement, the government agreed to recommend a sentence at the low end of the applicable guideline range, a two-level reduction for acceptance of responsibility and a one-level reduction for entering an early plea. Plea Agreement (Doc. #61), ¶ 4.

On Count 1, defendant had a base offense level of 20 under the United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1(a). See Presentence Investigation Report ("PSR") (Doc. #83) filed January 15, 2015, ¶ 39. The Court applied a two-level enhancement because defendant took the property of a financial institution and a two-level enhancement because defendant was an organizer, leader, manager or supervisor of the criminal activity. Id., ¶¶ 40, 44. The Court granted defendant a three-level reduction for acceptance of responsibility. Id., ¶¶ 48–49. Based on a total offense level of 21 and a criminal history category IV, defendant's guideline range on Count 1 was 57 to 71 months in prison. Id., ¶ 100; Statement Of Reasons (Doc. #97) filed December 3, 2015 at 1. The guideline sentence on Count 2 was 84 months, the statutory minimum under 18 U.S.C. § 924(c)(1)(A). PSR (Doc. #83) ¶ 100. On December 1, 2015, the Court sentenced defendant to 155 months in prison—the high end of the guideline range on Count 1 and the statutory minimum on Count 2. Defendant did not appeal.

Defendant is 33 years old. With good time credit, defendant's projected release date is March 25, 2025. Under the compassionate release statute, defendant asks the Court to reduce his sentence to 141 months in prison, the low end of the guideline range on Count 1 and the statutory minimum on Count 2. Defendant argues that he has shown extraordinary and compelling reasons for a reduced sentence because (1) his sentence and the sentences of his codefendants were disparate, (2) he was only 23 years old at the time of the offense, (3) the government

recommended a sentence of 141 months, the low end of the guideline range, (4) he has shown rehabilitation in prison and (5) he has family support upon release.  Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #150) at 2–4.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c). Under the First Step Act of 2018, 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).[2]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  On November 1, 2023, the Sentencing Commission issued an applicable policy statement for

---

[2]        The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to the BOP and the earlier of (1) when she "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The government does not dispute that defendant has exhausted administrative remedies.

motions for compassionate release filed by defendants.  U.S.S.G. § 1B1.13(b), <u>Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)</u>.  At the time that defendant filed his motion on August 7, 2023, however, the Sentencing Commission had not issued an "applicable" policy statement for defense motions.  <u>Maumau</u>, 993 F.3d at 837; <u>McGee</u>, 992 F.3d at 1050.  For reasons explained below, because defendant has not shown extraordinary and compelling reasons under either current law or the law that applied when he filed his motion, the Court need not address which law applies.

Applying the law before November 1, 2023, the Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.  <u>See McGee</u>, 992 F.3d at 1044, 1048.   In this context, "extraordinary" means "exceptional to a very marked extent."  <u>United States v. Ford</u>, 536 F. Supp. 3d 848, 853 (D. Kan. 2021) (quotations and citations omitted).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  <u>Id.</u>  While the Sentencing Commission definition of extraordinary and compelling reasons for BOP motions (the policy statement before November 1, 2023) is not controlling, the Court considers that definition in ruling on defense motions.  <u>See United States v. Carr</u>, 851 F. App'x 848, 853 (10th Cir. 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes); <u>see also United States v. Hald</u>, 8 F.4th 932, 938 (10th Cir. 2021) (while policy statement does not restrict district court discretion, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"), <u>cert. denied</u>, 142 S. Ct. 2742 (2022).

Under the recent policy statement, the Sentencing Commission has determined that extraordinary and compelling reasons exist if defendant establishes any one or combination of

the following circumstances: (1) he has certain medical conditions; (2) he is at least 65 years old and has experienced a serious deterioration in health; (3) he has family circumstances which require him to act as a caregiver; (4) he was a victim of sexual or physical abuse by or at the direction of a correctional officer or other individual who had custody of him; (5) any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstances described in those four categories; and (6) a change of law if defendant has served ten years of an unusually long sentence and the change would produce a gross disparity between the sentence being served and the sentence likely to be imposed today.  U.S.S.G. § 1B1.13(b)(1)–(6).

## I.      Extraordinary And Compelling Reasons For A Reduced Sentence

Defendant seeks release because (1) his sentence and the sentences of his codefendants are disparate, (2) he was relatively young age at the time of the offense, (3) the government recommended a sentence of 141 months, the low end of the guideline range, (4) he has shown rehabilitation in prison and (5) he has family support upon release.  None of defendant's stated reasons—alone or collectively—are "extraordinary and compelling" as those terms are ordinarily understood.  Likewise, the applicable Sentencing Commission policy statement does not identify these factors by themselves as an extraordinary and compelling reason for relief.  Under the Sentencing Commission policy statement, defendant therefore must establish that he can satisfy the catchall provision for other circumstances or combination of circumstances that are similar in gravity to the circumstances described in the following categories: (1) defendant's serious medical conditions, (2) his advanced age and serious deterioration in health; (3) family circumstances which require him to act as a caregiver and (4) his status as a victim of sexual or

physical abuse by or at the direction of a correctional officer or other individual who had custody of him.  U.S.S.G. § 1B1.13(b)(5).

    A.  <u>Sentence Disparity</u>

Defendant argues that extraordinary and compelling reasons exist because of the disparity of his sentence relative to his co-defendants.  Under the Sentencing Guidelines and various factors under 18 U.S.C. § 3553(a), the Court imposed the sentences for all defendants based on the guideline ranges.  The guideline ranges reflect the relative culpability and criminal history of each defendant.  The Court balanced the various factors under Section 3553(a) in light of each defendant's unique circumstances.  While defendant ultimately received a higher sentence than his co-defendants, he had the most criminal history points (nine), which placed him in a Criminal History category IV.  More importantly, defendant ignores the fact that in this case his sentence at the high end of the guideline range ran concurrent with his prior sentence of 60 months in the Western District of Missouri.  By giving defendant a concurrent sentence, the Court gave defendant a "big break" in terms of the amount of time in custody.  <u>Transcript Of Sentencing</u> (Doc. #141) at 13.  At sentencing, defendant had the opportunity to argue that based on his unique circumstances, the Court should not apply the calculated guideline range.  Defendant has not established that the disparity between his sentence and the sentences of his co-defendants is an extraordinary and compelling reason for release or that this reason is similar in gravity to the circumstances identified in the first four categories of the Sentencing Commission policy statement.

    B.  <u>Age At Time Of Offense</u>

Defendant argues that he was only 23 years old when he committed the offense, and that

this fact constitutes an extraordinary and compelling reason for release.  Defendant committed the instant offenses when he was relatively young.  Defendant has not shown, however, how this fact in combination with all of the circumstances of his case is an extraordinary and compelling reason for release or that this reason is similar in gravity to the circumstances identified in the first four categories of the applicable policy statement.

      C.  <u>Government Sentencing Recommendation</u>

Defendant argues that the government asked the Court to impose a low end sentence of 144 months, and that this fact also constitutes an extraordinary and compelling reason for release.  Consistent with the plea agreement, the government asked for a sentence at the low end of the guideline range.  Even so, the government declined to recommend whether defendant's sentence should run concurrent or consecutive to his sentence of 60 months in the Western District of Missouri.  <u>Transcript Of Sentencing</u> (Doc. #141) at 10.  Defendant has not shown how the government's sentencing recommendation combined with all of the circumstances of his case is an extraordinary and compelling reason for release or that this reason is similar in gravity to the circumstances identified in the first four categories of the Sentencing Commission policy statement.

      D.  <u>Rehabilitation</u>

Defendant argues that his rehabilitation warrants relief.  Rehabilitation alone is not an extraordinary and compelling reason for relief.  <u>See</u> 28 U.S.C. § 994(t) (while Sentencing Commission shall issue policy statements on what constitutes reasons for sentence reduction, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").  Defendant has taken a number of classes and made some progress toward

rehabilitation.  Even so, defendant's rehabilitation efforts in combination with the factors discussed above do not constitute an extraordinary and compelling reason and certainly not one of similar gravity to the circumstances identified in the first four categories of the applicable policy statement.

      E.  <u>Family Support</u>

Finally, defendant argues that his expected family support upon release warrants compassionate release.  Although it cannot be taken for granted, the fact that defendant's family intends to support him upon release is insufficient, standing alone, to establish "extraordinary and compelling" reasons for a reduced sentence.  Defendant has not shown that his family support in combination with the factors discussed above warrant compassionate release.

For substantially the reasons stated above, defendant has not established extraordinary and compelling reasons for a reduced sentence under the law that applied before November 1, 2023.  Likewise, if the Court applied the law that applies effective November 1, 2023, defendant has not shown that a reduced sentence is consistent with the applicable Sentencing Commission policy statement.

## II.     Section 3553(a) Factors

Even if defendant could somehow show that his various stated grounds for relief collectively constitute "extraordinary and compelling" reasons for a reduced sentence, the Court would deny relief after considering the factors under 18 U.S.C. § 3553.  The Court considers the nature and circumstances of the offense, defendant's personal history and characteristics, the purposes of sentencing including the need to protect the public from further crimes of the defendant, any threat to public safety and the need to avoid unwanted sentence disparities among

defendants with similar records who are convicted of similar conduct.  See 18 U.S.C. § 3553(a). A sentence of 141 months is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.  In particular, defendant committed the crimes of armed bank robbery and using a firearm as part of a crime of violence.  He also was a manager or supervisor in the criminal activity that involved two other participants.  See PSR (Doc. #83), ¶ 44.  Defendant recruited his brother Alvin Williams and Randy Cornelius to participate in the crime.  Defendant scoped out the bank before the robbery, drew a diagram of the bank layout, purchased bandanas to cover his face and the faces of his co-defendants, provided the handgun used in the robbery and supplied the vehicle used in the robbery.  See id. During the robbery, defendant and his co-defendants were armed with at least one handgun and defendant or his co-defendants pointed a gun at two bank employees.  See Plea Agreement (Doc. #61) at 3–4.

In addition to the offense conduct, defendant has a significant criminal history including convictions for felony theft of a vehicle, assault for threatening to kill an ex-girlfriend and her boyfriend, destruction of property (throwing a piece of cinderblock through his ex-girlfriend's bedroom window) and armed robbery of a Subway restaurant.  See PSR (Doc. #83), ¶¶ 66, 68–69.  The State of Missouri also charged defendant with criminal damage to property for kicking down the door to his ex-girlfriend's residence and assault with a deadly weapon (pointing a gun at his ex-girlfriend and her boyfriend).  See id., ¶¶ 73–74.  In light of defendant's offense conduct and criminal history, defendant has failed to show that he is not a danger to the community.

The Court recognizes that defendant has only some 15 months remaining on his term of

imprisonment, has participated in a number of BOP programs including drug education and the non-residential drug treatment program and has no recent incident reports.  He apparently has made significant progress toward rehabilitation.    The Court commends him on these achievements.  Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant has not established "extraordinary and compelling" reasons that warrant a reduced sentence under Section 3582(c)(1)(A), that relief is consistent with the applicable Sentencing Commission policy statement or that the Section 3553(a) factors support a reduced sentence.  The Court therefore overrules defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #150) filed August 7, 2023 is **OVERRULED**.

Dated this 12th day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge